Garcia Magdaleno MARTINEZ,
Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00078–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 24, 1982.

Charles A. Schmidt, San Antonio, for appellant.

Bill White, Dist. Atty., Steven Zauft, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a conviction for burglary of a habitation. The jury found appellant guilty as charged and answered "true" to the enhancement paragraph of the indictment. Punishment was assessed at nineteen (19) years' confinement in the Texas Department of Corrections. Appellant now presents eighteen (18) grounds of error. We affirm.

In his first ground of error, appellant attacks the sufficiency of the evidence to support the instant conviction. Specifically, appellant maintains that there is no evidence to indicate that the items found in appellant's car at the time of arrest were the items stolen from the complainant's

home. When the sufficiency of the evidence is challenged in criminal appeals, we must view the evidence in the light most favorable to the jury verdict. If there is any evidence which, if believed, shows the guilt of the accused, the verdict will be sustained. *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978); *Banks v. State,* 510 S.W.2d 592 (Tex.Cr.App.1974). In a circumstantial evidence case, however, the conviction cannot be sustained unless the circumstances exclude every other reasonable hypothesis except the guilt of the accused. Proof amounting only to strong suspicion will not suffice. *Nathan v. State,* 611 S.W.2d 69 (Tex.Cr.App.1981); *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977); *Dixon v. State,* 541 S.W.2d 437 (Tex.Cr.App. 1976). It is not necessary that every fact point directly and independently to appellant's guilt. It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Nathan v. State, supra; Flores v. State, supra; Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977). The circumstances need not exclude every hypothesis that the act may have been committed by another, but the hypothesis must be a reasonable one consistent with the circumstances and facts proved and not in disharmony with the evidence. *Flores v. State, supra,* at 367. Mere presence in the vicinity of a crime, coupled with flight, is not enough to sustain a conviction. *Nathan v. State, supra; Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Ysasaga v. State,* 444 S.W.2d 305 (Tex.Cr. App.1969). Finally, in determining the sufficiency of incriminating circumstances, each case must be dealt with on its own facts. *Flores v. State, supra; Moore v. State, supra.*

With these rules in mind, we now turn to an examination of appellant's contention. The record reflects that on October 24, 1977, the home of complainant, Judy Dyer House, was broken into and several items, including an IBM Selectric typewriter and a Toastmaster table top oven, were discovered to be missing. Witnesses Rose Polk and Patsy Lawson both testified that they observed a green and white Mercury automobile parked in front of complainant's home on the day of the burglary. Both witnesses also noticed a Mexican-American male, about 5'6", on the property. Polk further testified that while she was observing this occurrence she heard someone in the vehicle honk the horn and subsequently drive off down the street. Polk stated that the car later returned and she observed the Mexican-American male running from the back of the house, carrying a white sheet or blanket covering some merchandise and also holding an unidentified portable object in his left hand. The witness recalled that the man possessed a distinctive limp. Polk later stated in court that the limp she had seen was similar to the limp exhibited by appellant when he entered the courtroom. She also stated that from the rear, appellant looked like the man she had seen in front of Dyer's house. Lawson also testified that she wrote down the license of the vehicle, EDK 621, and gave it to the police the following day.

Officer Ralph Gilbert Serrano testified that he examined complainant's home and reported that the northern bedroom window was broken. His report additionally contained a list of the missing items, including the typewriter and the oven. Officer Ronald Charles Ullevig testified that on October 25, 1977, while acting as a cover officer and following instructions from fellow Officer Lubbock, he pursued a green and white Mercury leaving 675 Steves Avenue. The officers had gone there to investigate a complaint regarding the sale of stolen property at that location. Lubbock was the first officer to answer the complaint. Ullevig turned on his flashing lights and his siren as the vehicle attempted to elude him for several miles. The driver of the Mercury ran a red light and several stop signs at speeds approaching 65 miles per hour. Ullevig finally forced the Mercury off the road and placed the driver under arrest for attempting to elude a police officer. The license plate of the vehicle matched the license number witness Dawson had seen, although Ullevig was unaware of this connection at the time of his pursuit.

Ullevig also testified that the driver of the vehicle had a distinctive limp and, in fact, had an artificial leg. Ullevig later identified appellant as the driver of the vehicle. After three fellow officers arrived, Ullevig looked into the back seat of the car and found an AM–FM clock radio. The car was inventoried pursuant to standard departmental policy and Ullevig opened the trunk,[1] discovering an IBM Selectric typewriter and a Toastmaster table top oven inside. Ullevig turned the property over to Lubbock and further stated that the same property was placed in the property room at the police station.

Detective Charles Edwards testified that he checked for and found fingerprints on the objects discovered in the trunk of the car. Officer Cruz Morua testified that a left thumb print lifted from the oven top matched the left thumb print of the appellant. Finally, the complainant identified both the IBM typewriter and the Toastmaster table top oven as two of the objects taken from her home on the day of the burglary. House also testified that the objects were taken without her consent.

■ Evidence that a home has been burglarized, together with an accused's unexplained possession of recently stolen property from that home, is sufficient to sustain a conviction for burglary. *Hardage v. State,* 552 S.W.2d 837 (Tex.Cr.App.1977). We conclude that under the facts of the instant case, there was ample evidence from which the jury could conclude that the items identified by House at the police station were identical to the property taken from her home the day of the burglary. *See Nichols v. State,* 479 S.W.2d 277 (Tex.Cr.App.1972). Appellant's unexplained possession of recently stolen property coupled with the fingerprint evidence and identification testimony of the witnesses at trial leads us to conclude that the evidence excluded any reasonable hypothesis but the guilt of appellant. *Nathan v. State, supra; Flores v. State, supra.* Any rational factfinder could have found appellant guilty beyond a reasonable doubt. *Jackson v. Vir-*

*ginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence was sufficient, and appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains of the admission into evidence of a photograph and a fingerprint card, and of testimony regarding the property found in appellant's automobile. It is appellant's position that the trial court erred by not requiring more elaborate foundation testimony relating to this evidence.

In *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr.App.1979) the Court of Criminal Appeals, quoting from McCormick's Handbook on the Law of Evidence, 527 (2d ed. 1972), observed,

If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition.

*See also Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Cr.App.1981).

Our examination of the testimony at trial reveals that both the typewriter and the oven were readily identifiable items and were in fact identified by the complainant. We also note that all of the testimony relating to the property found in appellant's car was properly adduced at trial. Appellant's contention is without merit and ground of error number two is overruled.

By his third, fifth, sixth, seventh and eighth grounds of error, appellant contests the legality of his detention and arrest, the "search" of his automobile, and the admission into evidence of the fruits of that "search". Since these grounds of error are all closely related, we will deal with them together.

■ As previously stated, Officer Lubbock originally responded to a complaint at 675 Steves Avenue regarding the sale of

---

1. The record is unclear as to exactly how the trunk was opened.

allegedly stolen property. When Officer Ullevig arrived, he noticed a green and white Mercury leaving the scene and was told by Lubbock to halt the vehicle. Appellant attempted to elude Ullevig by violating various traffic ordinances, driving at speeds approaching 65 miles per hour. Appellant contends that this series of events did not constitute an offense, and therefore Ullevig had no probable cause to detain and arrest him. Appellant misapprehends the law.

Appellant's action in refusing to obey the signal of a uniformed police officer in an officially marked vehicle pursuing him with flashing lights constituted the offense of fleeing from a police officer, a direct violation of Tex.Rev.Civ.Stat.Ann. art. 6701d, § 186 (Vernon 1977). *See also Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977). The officer therefore had probable cause to arrest appellant for this violation as well as to conduct a routine fingerprinting at appellant's booking. Indeed, the record reflects that once Ullevig stopped appellant, Ullevig informed him that he was under arrest for attempting to elude a police officer.

Appellant is incorrect in saying that there is no such offense as "attempting to elude a police officer," which was what Ullevig stated he was arresting appellant for. Article 6701d, § 186, cited above, states in part,

> (a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or *attempts to elude a pursuing police vehicle,* when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. (Emphasis added.)

■ Appellant's argument that there is an exception to the operation of the statute prohibiting evading arrest, Tex.Penal Code Ann. § 38.04 (Vernon 1974), if the arrest being attempted is unlawful, is correct but irrelevant. Officer Ullevig was told to *stop* appellant, not arrest him, and Ullevig was trying to do so when appellant fled. The

statute on which appellant bases his argument, therefore, is not implicated in this case, and article 6701d, § 186 does not admit of an exception for the possible unlawfulness of the pursuit.[2]

Having held that Ullevig had sufficient probable cause to arrest appellant, we now turn to the legality of the inventory of the automobile. Testimony adduced at trial indicated that it was standard police procedure to inventory vehicles upon impounding them. Ullevig testified that during the inventory, he noticed a clock radio in the back seat of the car. He opened the trunk to inventory appellant's personal belongings and found the IBM typewriter and the Toastmaster table top oven. Appellant's argument that the police actions were illegal is without merit.

■ In *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), it was held that inventories conducted pursuant to standard police procedures are reasonable. Appellant's argument that there was no probable cause for the "warrantless search" is unfounded, since this case involves an inventory conducted under standing departmental policy, as distinguished from a search conducted for criminal investigation. *See Evers v. State*, 576 S.W.2d 46 (Tex.Cr.App.1978). An inventory is a routine administrative function, and the existence of probable cause or one of the warrantless search justifications is not required. *South Dakota v. Opperman, supra; Evers v. State, supra.* The purpose of an inventory is to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers. *South Dakota v. Opperman, supra.*

■ When the police take custody of an automobile as in the instant case, it is reasonable to go through the vehicle to itemize the property therein. This reflects the basic principle that the Fourth Amend-

---

2. Furthermore, even if § 38.04 were in this case, we seriously doubt that the exception appellant relies on would amount to *carte* *blanche* to commit any criminal offense to evade an unlawful arrest.

ment proscribes only unreasonable searches. *See United States v. Gravitt,* 484 F.2d 375 (5th Cir.1973), *cert. denied,* 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 761 (1974). Inventories under this authority may even include examination of the glove compartment. *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *Robertson v. State,* 541 S.W.2d 608 (Tex.Cr.App.1976). Whether a search is reasonable on Fourth Amendment grounds depends on the facts and circumstances of each case. *South Dakota v. Opperman, supra; Cooper v. California, supra.*

 The record reflects, and we have concluded, that appellant was properly arrested for attempting to elude a police officer. Once he was placed under arrest, the officer's administrative, caretaking function came into play. The record indicates that the inventory was conducted pursuant to standard police procedure and there is no evidence of any deviation from that policy. The officer testified that he opened the trunk to see if appellant had any personal effects in that compartment and discovered the incriminating items. There is no evidence that this procedure was a mere pretext for a generalized search.

We find that the evidence in question was discovered during a valid inventory following a valid custodial arrest, and that the conduct of the police officer did not constitute a Fourth Amendment violation. Having found the arrest in the instant case valid and having also concluded that the subsequent inventory was proper, we hold that the court did not err in admitting evidence obtained from this inventory.

We are not unmindful of the recent decision in *Gill v. State,* 625 S.W.2d 307 (Tex.Cr. App.1980), wherein the Court of Criminal Appeals held that forcible entry of a locked automobile trunk by removing the back seat of the car during an inventory was an unlawful intrusion under both the State and Federal Constitutions. Additionally, the court held that there was no probable cause to search the trunk, as probable cause is defined in the law of search and seizure.

In *Gill,* the police employed the aid of a wrecker driver to remove the back seat of the vehicle in order to gain access to the trunk. The police discovered hydromorphone in the trunk. The court stated that the routine lawful arrest of a suspect does not authorize a search of "virtually every nook and cranny of that automobile."

 The search of a locked trunk is permissible in certain instances. For example, such a search has been condoned where the searching officers have probable cause to believe that a gun which they are seeking is located in the trunk of a vehicle. *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). It must be remembered, however, that an inventory is not based on probable cause nor is it conducted to discover evidence of a crime. Inventories are conducted in compliance with established police departmental rules and occur after an automobile is seized. *Gill* makes clear the distinction between a post-seizure inventory and a warrantless exploratory search of a locked automobile trunk. A warrantless search of a locked automobile trunk, absent a showing of probable cause, is *per se* illegal. *Gill v. State, supra.* In order to overcome an individual's privacy interest and allow the police to enter a locked trunk during an exploratory search, there must be a showing of probable cause and exigent circumstances. *Gill v. State, supra.* The court in *Gill* does indicate that an inventory of an unlocked trunk is permissible.

In the instant case, there is no evidence of forced entry into a locked trunk, as was the situation in *Gill.* The officer's testimony that he "opened the trunk" does not support an inference that the trunk was forced open. We therefore cannot discern whether *Gill* applies to the instant case, since our record is insufficiently developed as to how the officer opened the trunk.

We conclude that since Ullevig had probable cause to stop the vehicle and arrest appellant, the inventory of the automobile and seizure of the property taken in the burglary were authorized. There was no error in admitting testimony and evidence

relevant to these police actions. Grounds of error three, five, six, seven and eight are overruled.

Appellant's fourth ground of error alleges that the trial court committed reversible error in failing to allow appellant's counsel to inquire of Ullevig on voir dire about the officer's right to "chase" appellant.[3] This request came immediately before the officer was about to testify as to the contents of the automobile. Ullevig had already testified that he had been instructed to pursue appellant by Officer Lubbock and that appellant violated several traffic ordinances after leaving 675 Steves Street. Appellant's claim that the trial court abused its discretion by not allowing the voir dire is without merit.

Appellant's counsel stated that he wanted to examine the officer on voir dire to determine whether Ullevig had a right to pursue appellant. This request was not based on any reason that would bring into question the competency of the witness. Furthermore, appellant's counsel had the opportunity to cross examine Ullevig on this issue. The trial judge has broad discretion to manage the trial and to deal with the many unexpected situations which arise at trial, therefore the reviewing court will be reluctant to interfere absent a clear showing of abuse of discretion. *Johnson v. State,* 583 S.W.2d 399 (Tex.Cr.App.1979); *McIlveen v. State,* 559 S.W.2d 815 (Tex.Cr.App.1977); *Shaver v. State,* 165 Tex.Cr.R. 276, 306 S.W.2d 128, *cert. denied,* 355 U.S. 864, 78 S.Ct. 98, 2 L.Ed.2d 70 (1957). We hold that the trial court's action was not an abuse of discretion and overrule ground of error number four.

By his ninth ground of error, appellant argues that the trial court erred in failing to charge the jury as requested on the lesser included offense of theft. Appellant concedes that no written objection was addressed to this omission but contends that this omission denied him a fair trial.

In determining whether a charge on a lesser included offense is required, we must use a two-step analysis. First, the lesser included offense must be included in the proof necessary to establish the offense charged. Secondly, the record must reflect some evidence that if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981); *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). We find that neither element of this test has been satisfied.

Theft need not be proven to obtain a conviction for burglary, with intent to commit theft, as the indictment in this case alleged. Additionally, the record does not reflect the necessary proof to support a conviction for theft. For example, there was no attempt by the State to prove the value of the property stolen during the burglary, an essential element of the offense of theft. Since the evidence does not raise the issue of theft, appellant was not entitled to a charge on that particular offense. *See Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979); *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979).

We also note that in *Garcia v. State,* 571 S.W.2d 896 (Tex.Cr.App.1978), the court held that theft is not a lesser included offense of burglary with intent to commit a felony or theft under Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). For all of these reasons, ground of error number nine is overruled.

Appellant's tenth ground of error asserts that the trial court erred by failing to direct a mistrial after the following comment by the prosecutor:

Now, defense counsel will come up here and argue and you see, although we all say that we say right now, is not evidence. It is merely a summation of the evidence. The State has introduced everything we have. What we tell you

---

**3.** We also notice that appellant filed a motion to suppress evidence, which, although not very specifically drawn, might be interpreted as raising this issue. We fail to find in the record, however, any indication that a hearing was held on the motion or that the matter was otherwise brought to the trial court's attention.

now is not evidence. You can believe or disbelieve anything we say. And he'll argue about the evidence, but whose evidence is he going to argue about? Our evidence. Our evidence. He cannot now come and tell you what happened or what didn't happen, because there is no evidence to support his theory, because he has no theory.

Appellant claims that the foregoing statements constituted an impermissible comment on his right not to testify.

A comment on the accused's failure to testify encroaches upon the protection accorded by the Fifth Amendment to the United States Constitution, which is made applicable to the States by virtue of the Fourteenth Amendment. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Such a comment also violates both art. I, § 10 of the Texas Constitution and the specific mandate of Tex.Code Crim.Pro.Ann. art. 38.08 (Vernon 1979).

In evaluating such a contention, we must view the comment from the standpoint of the jury, and the implication that the language used refers to appellant must be a necessary one. *McDaniel v. State,* 524 S.W.2d 68 (Tex.Cr.App.1975); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967). It is not sufficient that the language might be construed as an implied or indirect allusion to his failure to testify. *McDaniel v. State, supra.*

The prosecutor herein made no specific reference to evidence that only could be supplied by appellant himself. The record reflects that appellant chose not to call any witnesses in his behalf, despite evidence that another man was involved in the burglary. Language referring to appellant's failure to produce evidence through a witness other than himself is not improper. *McMahon v. State,* 582 S.W.2d 786 (Tex.Cr. App.1978).

We cannot conclude that the prosecutor's argument would naturally and necessarily cause the jury to consider it a comment on appellant's failure to testify. *See*

*Hill v. State,* 480 S.W.2d 670 (Tex.Cr.App. 1972). Accordingly, ground of error number ten is overruled.

In his eleventh ground of error, appellant maintains that the trial court erred in failing to grant him a hearing on his motion for new trial. The contention is without merit because when appellant did not present his motion to the court within twenty days of its being filed, the motion was overruled by operation of law on the twenty-first day. Thus, the trial court's express overruling of the motion without a hearing on February 1, 1979, some 78 days after it was filed, could not be an abuse of discretion, because the trial court was without jurisdiction to act. *Ex Parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Cr.App.1982). Ground of error eleven is overruled.

In grounds of error twelve through eighteen, appellant alleges that he was deprived of adequate and effective assistance of counsel at the trial level. No argument or authority having been offered to support these contentions, nothing is presented for our review. *Byrom v. State,* 528 S.W.2d 224 (Tex.Cr.App.1975); *Hayes v. State,* 484 S.W.2d 922 (Tex.Cr.App.1972); Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon 1979).

Grounds of error twelve through eighteen are overruled and the judgment is affirmed.

ESQUIVEL, J., dissents without opinion.