**Nolan WATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 111 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 4, 1985.

Alvin M. Titus, Houston, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury for the offense of aggravated rape and his punishment was assessed at confinement for forty-five (45) years. No challenge to the sufficiency of the evidence has been made.

The evidence, briefly stated, reflects that the complainant, Darla Lambert, and her two year old daughter were at their home on the night in question, and after putting her daughter to bed at approximately 7:30 P.M., began watching television. Lambert recounted that "I heard a noise behind me, a clicking noise behind me.... I turned around and he was standing behind—up to my throat with a knife.... The man was behind me, with a knife at my throat." She testified that the intruder ordered her into the bedroom where he, after forcing her to undress, committed an act of rape upon her. She further related that, after a second act of rape, the man "got up and went back in the living room and a few minutes later he left." The police were subsequently called.

While the police officers, in responding to the call to investigate the incident, were driving to Lambert's home, they observed a black male riding a bicycle at a distance of "less than a mile" from Lambert's home. They stopped him and found that he had nothing upon his person to identify him and upon being asked his name, he replied by giving the name of appellant. This man was not arrested at that time and was permitted to leave. The officers made an in-court identification of the man as the appellant.

The State's fingerprint expert witness testified that a fingerprint lifted from the scene of the rape, when compared with appellant's fingerprint, was appellant's fingerprint.

When an arrest warrant and search warrant was executed approximately four or five days following the rape, a knife was found in the pocket of appellant's pants at the time of the arrest and certain articles of clothing were found which were identified by Lambert, at the time of trial, as those worn by appellant at the time of the offense.

Appellant did not testify and offered no testimony in his behalf during the guilt-innocence or the penalty stage of the trial.

Appellant's first ground of error contends "[r]eversible error resulted from improper prosecutorial jury argument."

Appellant complains of the following jury argument made by the prosecuting attorney, during the guilt-innocence stage of the trial, as being a reference to appellant's failure to testify:

You are not supposed to go out and make up defenses. You are not supposed to speculate about defenses. You are just supposed to look at the evidence. The evidence is uncontroverted. The Defense didn't put on one witness in their behalf. The evidence, here, is uncontroverted.

■ Appellant argues the above quoted remarks were a comment on his failure to testify and constituted a violation of *TEX. CODE CRIM.PROC.ANN. art. 38.08* (Vernon 1979). In order to violate Article 38.08, the language, when viewed from the jury's standpoint, must be manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify. *Banks v. State*, 643 S.W.2d 129 (Tex.Crim. App.1982); *Lee v. State*, 628 S.W.2d 70 (Tex.Crim.App.1982). It is not sufficient that the language might be construed as an implied or indirect allusion. *Nowlin v. State*, 507 S.W.2d 534 (Tex.Crim.App.1974).

■ If the language used can be reasonably construed as referring to the appellant's failure to produce evidence other than his own testimony, it is not an improper remark. *Nowlin v. State, supra.*

Appellant's counsel argued to the jury, inter alia, as follows:

The police, on their way to a call from somebody that says she's been raped and, conveniently, they come upon Mr. Watkins. The testimony is Mr. Watkins cooperated with the police and gave them

his name. Didn't have an identification, so he could have told them he was King Kong.... He said, "Yes, my name is Nolan Watkins. I live at so and so." He didn't try to run from them and he didn't try to escape, and they go on about their business.

Now, if Mr. Watkins were [sic] a suspect at that time all they would do is take him down and say, "That's him." Didn't do that.

. . . .

... Did they bring anybody in here to show you that Nolan Watkins ran out of the house? No. A mile away on a bicycle. Cooperative. Not nervous. Not afraid. Not trying to run....

With reference to the fingerprint taken from the scene of the rape, defense counsel made the following argument to the jury:

... [T]hey go to get the fingerprints and they bring on the expert and the expert goes and lifts one partial and, according to one of their witnesses, a partial latent.... He lifts a fingerprint and he gets up here and he testifies that there are an inderterminate [sic] number of possible comparisons on a fingerprint, but by their own exhibit there are ten, so I get him up there and I asked him, "Well, show me this comparison." ... You folks take that and you make some comparisons and you determine if there's anything similar about that. I looked at it, and I don't see it. It's their expert, and the expert works for the police department.

. . . .

... They are not out there to show anybody innocent. They are out there to prove people guilty. They are not out there to find points of dissimilarity. They are out there to prove that one print is like another print. All the stuff comes from the folks that enforce the law....

The prosecuting attorney, in his closing argument, reviewed the evidence, and referring to the fingerprint argument made by defense counsel, stated the following:

[Defense counsel] says, "Who does the fingerprints? The police." I told you at the beginning the Defense has the right to bring in anybody they want to testify. [Defense counsel] knew about that fingerprint long before yesterday, but you didn't see him bring an expert. You didn't see one witness from the stand to say "Oh, this is a barrel of garbage." Why didn't he bring in his expert?

. . . .

The question for you to decide, and you will decide this case, is to look at the evidence in this case.

Immediately following the above statement, the prosecuting attorney then made the statement, referring to defenses, made the basis of appellant's complaint. Appellant made no objection to the argument.

■ We must first determine if the statement to the jury was an improper reference to appellant's failure to testify. If such was an improper statement, then, in the absence of an objection, we must determine if the same constituted fundamental error requiring a reversal. Upon a review of the jury arguments made by defense counsel and the argument made by the prosecuting attorney, we hold that the argument made the subject of appellant's complaint did not naturally and necessarily refer to appellant's failure to testify. Defense counsel sought to raise the defense of alibi when he argued that appellant was riding his bicycle "a mile away" shortly after the commission of the offense. He further attempted to discredit the "fingerprint" expert witness called by the state and to show the inaccuracy of the "expert's" comparison of the prints taken at the scene of the offense with the known prints of appellant.

The prosecutor's remark did not refer to any particular aspect of the case that only the appellant's testimony could refute. The argument immediately follows a summarization of the evidence adduced in general. From the jury's standpoint, the argument could have been directed at appellant's failure to call his own fingerprint expert or his failure to call witnesses on his

alibi defense, the defense which defense counsel attempted to interject before the jury. *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). The language used by the prosecutor was a comment on the failure to produce testimony other than his own. *Banks v. State, supra; McMahon v. State*, 582 S.W.2d 786 (Tex.Crim.App.1978); *Martinez v. State*, 644 S.W.2d 104 (Tex.App.—San Antonio 1982, no pet.).

■ Assuming, arguendo, that such remark could possibly be construed as a reference to appellant's failure to testify, we conclude such argument would not constitute such fundamental error as to require a reversal. In considering the evidence, jury argument and the jury charge, we conclude that the error was not "so egregious" and did not create such harm so as to deny appellant a "fair and impartial trial." *See Moore v. State*, 694 S.W.2d 528 (Tex.Crim.App.1985); *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985).

Under this same general ground of error, appellant contends the prosecuting attorney, during the punishment stage of the trial, referred to appellant's failure to testify by the following statement to the jury:

> The second issue: "The rehabilitation of those convicted." That's for you to be considered [sic]. What is his ability to be rehabilitiated. Not one person got on that stand and said one good thing about him.

■ A prosecuting attorney may comment on the failure of an accused to present any witnesses or evidence at all in his behalf or to call certain particularized competent and material witnesses to testify about character, reputation or other relevant matters. *Thomas v. State*, 638 S.W.2d 481 (Tex.Crim.App.1982); *McKenzie v. State*, 617 S.W.2d 211, 219 (Tex.Crim.App.1981); *Tarpley v. State*, 565 S.W.2d 525 (Tex.Crim.App.1978).

■ We conclude the prosecutor's remark, quoted above, could reasonably have been taken as a reference not to appellant's failure to testify but to his failure to

present witnesses as to his character or reputation.

■ Appellant further complains of a remark made by the prosecuting attorney, during the punishment stage, as being a reference to matters which were not in evidence. No objection was made to such argument. In the absence of a proper objection, the same is waived and nothing is preserved for review. *Dunavin v. State*, 611 S.W.2d 91 (Tex.Crim.App.1981); *Nelson v. State*, 607 S.W.2d 554 (Tex.Crim.App.1980); *Moulden v. State*, 576 S.W.2d 817 (Tex.Crim.App.1978). Moreover, the error, if any, could have been cured upon an instruction by the court. Such an instruction was not requested by appellant.

Appellant's second ground of error contends "[t]he line-up in which the Appellant was placed was conducted in contravention of his right to the presence of counsel."

The record reflects that appellant executed a written waiver of counsel prior to the line-up about which complaint is made. Appellant's entire argument under this ground of error is directed toward the invalidity of such written waiver. Appellant does not make one single reference or complaint about any evidence introduced before the jury resulting from such line-up.

■ Since appellant fails to state what evidence, if any, was obtained as a result of the alleged impermissible line-up and what evidence, if any, obtained incident to the line-up was introduced, we perceive no error. A reversal of the conviction is necessary only when evidence resulting from the line-up is admitted over a timely objection, but the impermissible line-up itself does not require a reversal of a conviction. *See Keen v. State*, 626 S.W.2d 309 (Tex.Crim.App.1981); *Johnson v. State*, 548 S.W.2d 700 (Tex.Crim.App.1977); *Stiggers v. State*, 506 S.W.2d 609 (Tex.Crim.App.1974).

■ Even though appellant makes no complaint of any particular evidence introduced resulting from the line-up, upon a review of the record we find the only evidence about which he could complain is the victim's identification of appellant follow-

ing her observation of him during the line-up procedure. However, the record reveals that during the trial, the victim gave a positive in-court identification of appellant as the offender, based upon her observation of appellant during the time he was in her presence before, during, and after the commission of the offense. This identification was made completely independent of the line-up identification. No objection was made to such testimony.

Where facts complained of are admitted without objection by other competent evidence, no reversible error is present. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim. App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App.1978); *Granviel v. State,* 552 S.W.2d 107 (Tex.Crim.App.1976). This ground is overruled.

The judgment is affirmed.