IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-017-CR




FAUSTINO PEREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY, 



NO. 362,544, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated and assessed punishment
at incarceration for two years and a $2000 fine. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Supp.
1992). We affirm.

 On the night of August 31, 1991, a car driven by appellant "rear-ended" another
vehicle at an Austin intersection. Austin police officer Jimmie Davenport happened onto the scene
moments after the collision and saw appellant drive away. The officer gave chase and, after a
five-block pursuit, Davenport succeeded in stopping appellant's car. When appellant got out of
the car to speak to the officer, Davenport noticed the odor of alcoholic beverage. He also noticed
the odor of human feces, as appellant had soiled his pants. The officer asked appellant why he
left the scene of the accident, to which appellant replied that he had swallowed some cocaine. 
After appellant unsuccessfully performed several field sobriety tests, he was arrested for driving
while intoxicated. At the police station, appellant was videotaped performing other sobriety tests
and answering questions.

 In his tenth point of error, appellant contends that his statement to the officer
concerning the cocaine should have been suppressed because it was the product of custodial
interrogation and he had not been advised of his rights. The trial court overruled appellant's
objection after finding that the statement was not made in response to interrogation. The record
fully supports this ruling. Not all police questioning is "interrogation" within the meaning of
Miranda v. Arizona, 384 U.S. 436 (1966) and Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Supp.
1992). For example, routine inquiries and broad general questions such as "what happened" upon
arrival at the scene of a crime are not interrogation. Jones v. State, 795 S.W.2d 171, 174 n. 3
(Tex. Crim. App. 1990); see Loar v. State, 627 S.W.2d 399 (Tex. Crim. App. 1981). The trial
court could reasonably conclude that when he asked why appellant left the scene of the accident,
the officer was engaged in routine, general questioning not calculated to elicit an incriminating
response. We note also that appellant's statement that he had swallowed cocaine was not
responsive to Davenport's question, and was in the nature of a volunteered statement. See Stevens
v. State, 671 S.W.2d 517 (Tex. Crim. App. 1984). The point of error is overruled.

 In points of error one through five, appellant contends the trial court erroneously
permitted the State to use for impeachment purposes statements he made on the videotape. 
Appellant argues that these statements were involuntarily made, and their use violated his rights
under the Fifth and Fourteenth Amendments; art. I, §§ 10 and 19 of the Texas Constitution; and
Tex. Code Crim. Proc. Ann. arts. 38.22 and 38.23 (1979 & Supp. 1992). We find that these
points were not preserved for review.

 Appellant filed a motion to suppress the videotape alleging, among other things,
that "all statements made by the Defendant were involuntary and coerced and enticed from the
Defendant by law enforcement officers after his arrest and during the entire time that the
video/audio tape was being made." We have carefully reviewed the record and can find no
written or oral ruling by the court granting or overruling this motion in whole or in part.

 A pretrial hearing was held on the motion to suppress, but the trial court reserved
its ruling until trial. On the day of trial, there was a short discussion of appellant's motion in
limine outside the jury's presence and before testimony began. Contrary to the assertion made
in appellant's brief on appeal, the trial court did not at this time grant appellant's motion to
suppress or in any way indicate that it found the statements on the videotape to be involuntary. 
The most that can be gleaned from the record at this point is that the court granted appellant's
motion in limine requesting that the videotape not be admitted before the jury without a ruling by
the court on its admissibility.

 During Davenport's testimony, the State offered the videotape in evidence. 
Defense counsel stated that she had no objection. The statement of facts then recites that "State's
2 [the videotape] played for the jury." There is no indication that any portion of the tape, visual
or oral, was deleted or omitted at this time.

 As the trial proceeded, incidents occurred which hint at some ruling by the court,
not in the record, excluding a portion of the videotape from evidence. For instance, during cross-examination of Davenport, defense counsel asked if appellant told the officer that he had diarrhea. 
The prosecutor objected that "if we're going to get into the statements, then we need to get into
all of them." The objection was overruled, and the officer answered that appellant told him he
had diarrhea when "we got into the video room." Later, during redirect examination, the
prosecutor asked Davenport if he had "an opportunity to hear [appellant] say the word `cocaine'
at any other point while you were with him on that day." Ruling that defense counsel had opened
the door to this question by her cross-examination of the officer, the trial court overruled
appellant's objection that the prosecutor was "going . . . into stuff that's been suppressed on the
video." However, the court stated that it wanted the question "narrowly posed," "meaning that
we don't need to go into all the rest of that material that's been suppressed." While it is obvious
from these exchanges that some portion of the videotape had been ruled inadmissible by the court,
it is impossible to determine from the record precisely what material was suppressed or why.

 The incident that forms the basis for these points of error occurred during the
State's cross-examination of appellant. Appellant testified on direct that he drank two beers on
the day of his arrest. The prosecutor asked appellant if he told the officers that he drank five
beers. Appellant replied that he did not remember. The prosecutor then asked the court's
permission to show the videotape for impeachment. Saying that it did not want to "do this
piecemeal," the court instructed the prosecutor to complete her cross-examination. The prosecutor
asked several more questions concerning matters appellant allegedly told the officers and then,
over appellant's objection that the proper predicate had not been laid, the court granted the State's
request "to publish that portion of the video to the jury." At this point the statement of facts
reflects that "a portion of State's Exhibit No. 2 was played for the jury." The portion of the
videotape that was played at this time is not apparent from the record.

 The appellant must see that a sufficient record is presented to show error requiring
reversal. Tex. R. App. P. Ann. 50(d) (Pamph. 1992). In this cause, appellant asks this Court
to reverse his conviction because allegedly involuntary statements found on the DWI videotape
were admitted in evidence. But appellant failed to secure a ruling for the record on his motion
to suppress the videotape on this ground. When the videotape was first introduced in evidence
and played for the jury, appellant expressly stated that he had no objection. Was the entire tape,
audio and video, played for the jury at this time? If so, appellant waived any error with regard
to the admission of the tape. If not, what portion of the videotape was withheld from the jury? 
The record does not disclose the answers to these questions. Finally, when that portion of the
tape of which appellant now complains was played, presumably for the first time, appellant failed
to see to it that the record clearly reflects what the jury saw and heard. Given the state of the
record, this Court lacks the information necessary to answer points of error one through five. 
They are, accordingly, overruled.

 In point of error six, appellant complains that the State should not have been
permitted to impeach him with respect to the numbers of beers he drank on the day in question
because this was a collateral matter. See Shipman v. State, 604 S.W.2d 182 (Tex. Crim. App.
1980). We disagree. The number of alcoholic beverages consumed is not a collateral matter in
a prosecution for driving while intoxicated. To the contrary, it is highly relevant. In any event,
this was a subject first broached by appellant during his direct testimony, when he told the jury
he had consumed two beers on the day of his arrest. The point of error is overruled.

 In point of error seven, appellant asserts that the necessary predicate for
impeachment was not laid because he did not deny telling the officers that he drank five beers. 
Appellant relies on federal authority, but the applicable federal rule of evidence differs from the
Texas rule. See Fed. R. Evid. Ann. 613 (West Supp. 1992). Under our rule, before a witness
may be impeached with a prior inconsistent statement he must be told the contents of such
statement and given an opportunity to explain or deny it. If the witness unequivocally admits
having made such statement, the statement may not be proved by extrinsic evidence. Tex. R.
Crim. Evid. Ann. 612(a) (Pamph. 1992). In this cause, appellant did not unequivocally admit
telling the officer that he drank five beers. Instead, he testified that he did not remember the
statement. Under rule 612(a), extrinsic evidence of the prior statement was admissible. The point
of error is overruled. (1)

 In point of error eight, appellant contends the trial court erroneously permitted the
jury to hear him assert his right to remain silent on the videotape. Gathwright v. State, 698
S.W.2d 698 (Tex. App. 1985, no pet.); see Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim.
App. 1991); Miffleton v. State, 728 S.W.2d 880, 884 (Tex. App. 1987), aff'd, 777 S.W.2d 76
(Tex. Crim. App. 1989). As before, however, this point was not preserved for review because
it cannot be determined from the record what the jury heard. Under this same point of error,
appellant multifariously argues that the prosecutor urged the jury to consider appellant's assertion
of his constitutional rights as evidence of guilt during her opening statement and her closing
argument. An examination of the statement of facts reflects that these contentions are factually
incorrect. Point of error eight is overruled.

 Finally, in point of error nine, appellant urges that the trial court erred by refusing
his request for an instruction on whether his statements were voluntarily made. Tex. Code Crim.
Proc. Ann. art. 38.22, § 6 (1979). Such an instruction is required only if the jury hears evidence
raising the issue. Brooks v. State, 567 S.W.2d 2, 3 (Tex. Crim. App. 1978); Myre v. State, 545
S.W.2d 820, 825 (Tex. Crim. App. 1977). We have examined the statement of facts, particularly
those portions cited by appellant in support of this contention, and find no evidence raising an
issue before the jury as to the voluntariness of appellant's statements to the police. Point of error
nine is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

Affirmed

Filed: June 17, 1992

[Do Not Publish]

1.   In addressing points of error six and seven, we have assumed that the relevant portion
of the videotape was played for the jury. In fact, as discussed previously, it cannot be
determined what was played for the jury to impeach appellant's testimony. For this reason,
these points of error were not, strictly speaking, preserved for review.