Ace WHITLOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 55345.

Court of Criminal Appeals of Texas, Panel No. 3.

June 28, 1978.

---

A. J. Novelli, Marlin, for appellant.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. Punishment, enhanced by one prior conviction,[1] was assessed by the jury at life.

---

1. See V.T.C.A., Penal Code, Sec. 12.42(b).

Appellant complains that "the trial court committed fundamental error in its jury instruction which authorized conviction under a theory not contained in the indictment."

Appellant was convicted for burglary of a habitation under V.T.C.A., Penal Code, Sec. 30.02(a).[2] The indictment in the instant case, omitting the formal parts, reads as follows:

"Ace Whitlow, on or about the 4th day of March, A.D.1976, and before the presentment of this indictment, in said County and State, did then and there intentionally and knowingly, and without the effective consent of Frank Lacina, enter a building owned by Frank Lacina and *did then and there commit theft,* to-wit: did then and there unlawfully obtain property from Frank Lacina, the owner thereof, without the effective consent of Frank Lacina and with intent to deprive said owner of said property." [Emphasis added.]

The relevant portion of the charge in the instant case reads as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 4th day of March, 1976, in Falls County, Texas, the defendant, Ace Whitlow, did enter a building not then open to the public, occupied, controlled, and in the possession of Frank Lacina, hereinafter called the owner, without the effective consent of the owner, *with the intent then and there to commit the offense of theft of personal property therein being,* then you will find the defendant guilty as charged." [Emphasis added.]

Section 30.02(a), supra, provides three separate ways in which the offense of burglary may be committed. *Shaw v. State,* Tex.Cr.App., 557 S.W.2d 305. The indictment alleged appellant had committed burglary under Sec. 30.02(a)(3) (commission of

theft after entry). The charge only authorized the jury to convict under Sec. 30.-02(a)(1) (entry with *intent* to commit theft).

In *Shaw v. State,* supra, it was held that the trial court committed fundamental error in authorizing the jury to convict the defendant in a burglary of a building case where the charge authorized conviction if the entry were made "with the intent to commit theft" when the indictment had charged that the defendant had entered the building and "attempted to commit and committed theft."

In the instant case, the jury was charged so as to allow the jury to convict the appellant if entry of the building were made "with the intent then and there to commit the offense of theft" when the indictment had charged that appellant entered the building and "did then and there commit theft."

As in *Shaw,* we conclude that the charge herein authorized a conviction on a theory of burglary not alleged in the indictment and presents fundamental error requiring reversal of this cause.

The judgment is reversed and the cause remanded.

---

**2.** V.T.C.A., Penal Code, Sec. 30.02(a), provides:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft."