Bernadine MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 56431.

Court of Criminal Appeals of Texas, Panel No. 3.

April 25, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Roark M. Reed, J. Thomas Sullivan, Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Dan Guthrie and Kevin Byrne, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant was originally convicted in county criminal court of welfare fraud after a jury trial. Punishment was assessed at $75.00 fine. Four grounds of error are raised on appeal. However, we decide the case on the conclusion that fundamental error was committed below, and only that ground will be discussed.

The information in the record before us, omitting the formal parts, alleges that appellant did:

"knowingly and intentionally *obtain* assistance, services and treatment from the Texas State Department of Public Welfare . . . by means of a willfully false statement . . . in an amount greater than that to which the said defendant was otherwise justly entitled."
(Emphasis added)

The court's charge to the jury, in applying the law to the facts, authorized conviction if appellant:

"did then and there knowingly or intentionally *attempt* to obtain or obtain assistance, services or treatment. . . ."
(Emphasis added)

The statute by which the conviction was obtained is Tex.Rev.Civ.Stat.Ann. art. 695c (Vernon 1978). The statute sets out three ways in which welfare fraud may be committed. An offense occurs if a person: (1) obtains, (2) attempts to obtain, or (3) aids or abets any person to obtain welfare assistance to which he is not entitled by means of a false statement or other fraudulent act. The information in this case alleges only that appellant obtained welfare, but the court's charge authorizes conviction on a finding that appellant either actually obtained welfare or only attempted to obtain welfare. The charge therefore authorizes a conviction not alleged in the indictment, and fundamental error occurred. *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr. App.1971); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977).

Our search of the case law reveals no decision involving a jury charge on an alternate theory of "attempt" which was not alleged in the indictment. However, we note that in *Whitlow v. State*, 567 S.W.2d 522 (Tex.Cr.App.1978), the indictment alleged that the defendant entered a building and committed theft. The court charged so as to authorize a conviction if entry was made "with the intent" to commit a theft. We held the charge to be fundamentally defective. *Whitlow* is analogous to the "attempt" charge in the present case.

The charge given by the court in this case is significant because of the nature of appellant's defense at trial. Appellant admitted making a false statement to welfare workers concerning her employment at the time of receiving welfare payments in 1974. The State's case was based on allegations that as a result of that statement appellant received payments to which she was not entitled. Appellant's defense centered on her contention that she was actually enti-

tled to those payments anyway because of certain work related expenses that she should have been credited with by the welfare department. Appellant therefore contended that she had not actually obtained benefits to which she was not "justly entitled." The jury could have accepted that defense theory and still have convicted on the theory that appellant attempted to obtain benefits to which she was not entitled.

For these reasons the judgment below is reversed and the cause is remanded.

DALLY, Judge, concurring.

The rule applied in this case is that expressed by the majority of this Court in the *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr. App.1977), *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977), line of cases. I disagreed with the majority in their decisions in that line of cases. See *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979) (Concurring Opinion) and *Clements v. State*, 576 S.W.2d 390 (Tex.Cr.App.1979). Since the judges in the majority have not changed their opinions and since I have already fully expressed my opinion, I concur in the reversal of the judgment in this case.