Hollis MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 60429.

Court of Criminal Appeals of Texas, Panel No. 1.

March 18, 1981.

Drew Mouton, Big Spring, for appellant.

Rick Hamby, Dist. Atty., and Donald J. Richard, Asst. Dist. Atty., Big Spring, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed at eight years.

At the outset we are confronted with fundamental error that requires reversal in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The indictment in this case alleged burglary under V.T.C.A., Penal Code Sec. 30.-02(a)(3), by entering a habitation and committing theft. The jury charge, in contrast, submitted the case as one charging burglary by entering a habitation with intent to commit theft, under V.T.C.A., Penal Code Sec. 30.02(a)(1). This is precisely the same error as required reversal in *Shaw v. State*, 557 S.W.2d 305 (Tex.Cr.App.), and *Whitlow v. State*, 567 S.W.2d 522 (Tex.Cr.App.). Reversal is likewise required in this case.[1]

The judgment is reversed and the cause is remanded.

---

**1.** The brief raises a challenge to the sufficiency of the evidence to corroborate the accomplice witness. The jury was not charged on the issue and the evidence did not show that the witness was an accomplice witness. Further discussion of that ground of error is not necessary.