**Robert Curtis WHITE aka Robert Curtis Rhone, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60296.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 1, 1981.

Roy Ahrens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, Ira Jones, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction of aggravated robbery. Punishment, enhanced by a single prior conviction, was assessed by the jury at life. V.T.C.A. Penal Code, Section 12.42(b). The sufficiency of the evidence is not disputed.

Appellant contends the trial court erred in refusing to quash the enhancement allegation of the indictment. The enhancement allegation reads:

"Before the commission of the offense alleged above, on May 2, 1973, in Cause No. CR 73-H-66, in the United States District Court for the Southern District of Texas, Houston Division, the Defendant was convicted of the felony of Unlawful Possession of stolen Mail Matter in Violation of Title 18, United States Code, Section 1708."

Appellant claims that Section 12.42(b), supra, requires the allegation to allege a prior felony cognizable under Texas law. More specifically, appellant contends the possession of stolen mail material must be alleged to have a value over $200 before it becomes a felony under Texas law. See V.T.C.A. Penal Code, Section 31.03(d)(4).

V.T.C.A. Penal Code, Section 12.41(1), reads:

"For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

"(1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment; . . ."

In the instant case, appellant was previously convicted under 18 U.S.C. § 1708 (1976). The relevant portions of that federal statute, existing at the time of appellant's federal conviction, state:

"Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

■ Under Title 18, U.S.C. § 4083 (1976), persons convicted of offenses against the United States punishable by imprisonment for *more* than one year may be confined in any United States penitentiary. The offense under 18 U.S.C. § 1708 allows a possible punishment of up to five years' imprisonment, thus allowing imprisonment in a federal penitentiary. Indeed, appellant stipulated that he had served his sentence in the federal penitentiary. We hold that the indictment sufficiently alleged a previous conviction for a felony. See, *Ex parte Blume*, —— S.W.2d —— (No. 65,266, July 1, 1981). No error is shown in the trial court's refusal to quash the indictment.

Appellant next contends the prosecutor engaged in improper jury argument during the punishment stage. The record reflects that preceding the alleged improper jury argument, appellant's counsel argued at the punishment stage as follows:

". . . Now, in this case no one was injured. No one was killed. No one was hurt. For that reason, I don't think that there is an applicable case for the maximum punishment and I'm sure the prosecutor will ask for same. * * * But, aggravated robbery has that full range of punishment. If somebody had been killed out there, if somebody had been hurt out there, that same punishment would apply. It's the same range of punishment that is graduating from the bottom to the top. It is our contention that this case fits in the bottom range of punishment. . . ."

During the State's closing argument to the jury, the prosecutor stated:

"... [T]he defense is arguing to you to go soft because nobody was killed. There was no blood out there but if he had killed somebody, I would be here charging him with capital murder.

"MR. AHRENS: Objection, that is highly prejudicial. It is not in the charge and it is outside the law.

"THE COURT: Objection overruled."

 From the above quoted excerpts of the trial record, it is apparent that appellant sought to insinuate that if a murder had occurred during the aggravated robbery, the range of punishment would be the same. Although the range of punishment for the aggravated robbery would have been the same, appellant failed to disclose that a more severe punishment could result; to wit, capital punishment. Thus, it appears that the alleged improper jury argument was invited and was in reply to appellant's counsel. *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App.1974); *Vigneault v. State,* 600 S.W.2d 318 (Tex.Cr.App.1980).

Finally, appellant contends the trial court erred in allowing the trial to continue despite the absence of one juror without a showing that the juror was either dead or physically disabled. Article 36.29, V.A.C. C.P.[1] The record reveals that a juror, Lyle Sorum had become ill the evening previous to the second day of trial. The following morning, the court, the prosecutor, and the defendant were notified. The prosecutor then attempted to perfect proof that Sorum had become so ill as to require hospitalization, thereby satisfying Article 36.29, supra. The evidence was technically excluded on hearsay grounds. Over objection, the trial court proceeded with the trial. However, the trial court allowed the prosecutor time to gather sufficient evidence to prove Sorum's disability. After the defense rested its case, the State brought forth sufficient testimonial evidence proving that Sorum had been hospitalized with gastro-intestinal hemmorrhage.

Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

 The trial court, realizing the inability of the State to instantaneously produce evidence cf Sorum's disability, simply proceeded with trial and allowed the testimony at a later time. Moreover, appellant fails to demonstrate any prejudicial harm by the trial court refusing to grant a mistrial or continuance. We hold that the trial court properly allowed the trial to proceed, providing for the testimony to be given at a later date. Such action was necessary to the "due administration of justice." No error is shown.

The judgment is affirmed.

---

1. Article 36.29, supra, provides:

    "Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; ..."