Rudolfo VILLARREAL, Appellant,

v.

STATE of Texas, Appellee.

Nos. 04–81–00234–CR, 04–81–00235–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 22, 1982.

Shirley A. Ehrlich, Ertel & Prashner, P.C., San Antonio, for appellant.

Bill White, Dist. Atty., Keith F. Fahlberg, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

These are appeals from convictions for burglary of a building. The two cases were consolidated for trial. The jury found appellant guilty in both causes, and the trial court assessed punishment at fifteen (15) years in No. 04–81–00234–CR, and life imprisonment under Tex.Penal Code Ann.

§ 12.42(d) (Vernon 1974) in No. 04–81–00235–CR.[1]

In his first ground of error, appellant challenges the sufficiency of the evidence to support his convictions, claiming the shops involved were not buildings within the definition provided in Tex.Penal Code Ann. § 30.01(2) (Vernon 1974). The record reflects that on August 1, 1980, at approximately 4 a.m., San Antonio police officers Quinn Gotthardt and Rose Mary Ornalez arrived at 403 East Commerce Street in answer to a silent alarm call. When the officers arrived, they checked a building called River Square. River Square had been converted from a furniture store to a building containing several shops separately owned and operated by different persons or entities. The shops are located on two levels, and the walls of the shops in the basement go to the ceiling. The main or street level floor is constructed differently. The ceiling is estimated to be fifteen to twenty feet high, and the side walls of the shops are eight or nine feet high. The side walls of the shops are not permanently stationary but are on gliders so that the area of any given shop can be increased or decreased by moving side walls. The side walls are four or five inches thick, wide enough for a person to walk on them. The entrances to the individual shops are equipped with expansible metal gates described by one witness as like an accordian, which can be pulled across the entrance to the shop and locked. In addition, the Calico Cat Tea Room, one of the shops within the River Square complex, has an exterior doorway at 304 North Presa.

After entering River Square, the officers found an exterior window broken at the Calico Cat. Gotthardt, hearing a noise in one of the shops called JJ's Gifts, climbed up on a wall partition and discovered appellant behind some clothes in the gift shop. Gotthardt placed appellant under arrest, and in a search of his person found money, a screwdriver, and two silver necklaces. At trial, both officers identified appellant as the man arrested in the shop that night.

Guadalupe S. Garza, part owner of JJ's Gifts, testified that the business is one of several shops separated by walls within the building and that each shop has its own entrance gate. The walls are more in the form of gliders than cement structures, but they are permanent. Garza also testified that she did not give appellant permission to enter the shop on the night of the offense. The owner of the entire building itself did not testify. In No. 04–81–00234–CR, appellant was indicted for burglarizing a building owned by Garza, by entering with intent to commit theft. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974), and in No. 04–81–00235–CR, for burglarizing a building owned by Woods, and therein attempted to commit and committed theft. Tex.Penal Code Ann. § 30.02(a)(3) (Vernon 1974).

Section 30.01(2) of the Texas Penal Code, *supra*, provides,

"Building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornamentation, or use.

Section 30.02 of the Texas Penal Code provides in pertinent part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

Tex.Penal Code Ann. § 30.02 (Vernon 1974).

To support his position, appellant relies on *Day v. State*, 534 S.W.2d 681 (Tex.Cr. App.1976), in which the Court of Criminal Appeals held that a structure consisting of concrete blocks with three large doorways that were not capable of being closed and which was enclosed only by a chain link fence, was not a building within the terms of section 30.01, *supra*. Day had cut through the fence and entered the open structure. The Court concluded that the

---

1. Appellant was sentenced as an habitual offender as a result of prior convictions for burglary of a habitation and possession of contents of a parcel stolen from the mail.

structure was not designed for the security of its contents since it was permanently open for entrance and exit of persons and trucks.

■ The River Square is a large structure with several shops enclosed within it and the shops themselves have walls and gates for security. We find *Day* distinguishable and hold that the individual businesses in this case were enclosed structures intended for the purpose of conducting trade within their individual premises. We hold that both the Calico Cat Tea Room and JJ's Gifts fit the description of "building" in section 30.01(2), in that each is an enclosed structure used for purposes of trade. We deem it to have been the intent of the Legislature to extend protection from burglary to such a structure. Viewed in the light most favorable to the verdict, the evidence is sufficient to sustain the convictions. *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr.App.1981); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976). Ground of error number one is overruled.

In his second ground of error, appellant alleges that the trial court erred in imposing a life sentence in No. 04–81–00235–CR, because the federal offense alleged for enhancement of punishment in the indictment is insufficient to sustain the enhanced mandatory sentence under Texas law. One of the convictions used to enhance appellant's sentence to life imprisonment was for possession of the contents of a parcel which had been stolen from the mail, in violation of 18 U.S.C. § 1708. Appellant argues that under *Montgomery v. State,* 571 S.W.2d 18 (Tex.Cr.App.1978), the federal conviction used for enhancement must also be an offense denounced by Texas laws, and that since the federal judgment used herein does not reflect the value of the property stolen, it cannot be determined if the offense constitutes a felony in Texas.[2]

■ The federal judgment reflects that appellant was sentenced to two years' confinement for violation of 18 U.S.C. § 1708,

and therefore use of the federal conviction for enhancement was proper. *Ex parte Blume,* 618 S.W.2d 373 (Tex.Cr.App.1981); *White v. State,* 618 S.W.2d 65 (Tex.Cr.App. 1981). *Montgomery v. State, supra,* relied upon former Penal Code cases and to the extent that it turns on the application of the strict rule that a felony under federal law must also be denounced under Texas law in order to be usable for enhancement, it has been expressly overruled by *Ex parte Blume, supra. See also, Barber v. State,* 628 S.W.2d 104 (Tex.App.—San Antonio 1981, discr. rev. ref'd).

■ Appellant also advances several contentions relating to the admissibility of the federal "pen packet." At trial, appellant's sole objection to the admissibility of the packet was that it constituted hearsay. Appellant may not, for the first time on appeal, urge alleged errors not raised at trial. *Nelson v. State,* 607 S.W.2d 554 (Tex.Cr. App.1980). The contentions presented on appeal must comport with the objections raised at trial. *Hernandez v. State,* 626 S.W.2d 876 (Tex.App.—San Antonio 1981); *Nelson v. State, supra.* Therefore, the alleged errors not made the subject of objection at trial are not before us for review. *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr. App.1979).

■ We also note that appellant presents several different contentions under ground of error number two. Multifarious allegations fail to preserve error. *Madrid v. State,* 595 S.W.2d 106 (Tex.Cr.App.1979); *Livingston v. State,* 542 S.W.2d 655 (Tex.Cr. App.1976); Tex.Code Crim.Pro.Ann. art. 40.09(9) (Vernon Supp.1982). Finally, we have examined the allegedly inadmissible pen packets consisting of the court commitment, photographs, fingerprint cards, and the certification of the record from official custodian Jack Wise and have found them to be in compliance with Tex.Rev.Civ.Stat. Ann. art. 3731a (Vernon Supp.1982). For all of these reasons, ground of error number two is overruled.

---

**2.** Under Tex.Penal Code Ann. § 31.03(d)(4) (Vernon 1974), the value of the property stolen must be $200.00 or more to constitute a felony.

In his final ground of error, appellant contends he was denied effective assistance of counsel. In both his brief and at oral argument appellant's counsel, a different attorney from the one who represented appellant at trial, conceded this contention to be groundless. Nonetheless, we shall examine this ground of error in light of the gravity of the sentence herein.

Appellant premises his argument upon the contentions that trial counsel failed adequately to interview him or investigate his case prior to trial, that counsel made damaging statements during final argument, and that in one instance he failed to object during the prosecutor's closing argument.

■ The standard to determine whether counsel has performed effectively was set out in *MacKenna v. Ellis,* 280 F.2d 592, 598, *modified on other grounds per curiam,* 289 F.2d 928 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961):

We interpret counsel to mean not errorless counsel, and not counsel judged effective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.

The Texas courts subsequently adopted the "reasonably effective assistance" standard. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr. App.1980); *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977).

We are bound to make this evaluation based upon the totality of the representation, *Archie v. State,* 615 S.W.2d 762 (Tex. Cr.App.1981); *Ex parte Duffy, supra,* and we must not attempt to second guess the strategy of trial counsel through appellate hindsight. *Harrison v. State,* 552 S.W.2d 151 (Tex.Cr.App.1977); *Ewing v. State, supra.*

■ Isolated instances of failure to object at trial will not ordinarily suffice to prove counsel to be ineffective. *Ewing v. State, supra.* We do not find counsel's one isolated failure to object during final argument to be error. In jury argument, appellant's attorney was attempting to persuade the jury that although appellant may have committed offenses elsewhere, he did not commit the charged offenses of burglary and therefore could not be convicted. Appellant was not injured by the argument.

■ Finally, there is nothing in the record to substantiate appellant's contention that counsel failed to investigate properly the case or interview appellant regarding his defense. We hold that appellant received reasonably effective assistance as that standard has been set out in *Ex parte Duffy, supra.* Ground of error number three is overruled.

■ Another matter is raised by the record, though not mentioned in the briefs of counsel. In trial court cause number 80–CR–2591, our cause number 04–81–00235–CR, appellant was indicted for burglary of a building owned by Yvonne Woods, in which he allegedly entered and attempted to commit and did commit theft. In cause number 80–CR–2592, our cause number 04–81–00234–CR, the allegation was burglary of a building owned by Guadalupe Garza, in that appellant entered Garza's building with intent to commit theft.

In the court's charge and other papers, however, the record appears to transpose the cases. The charge in No. 80–CR–2591 speaks of an alleged burglary against Garza, with an allegation of entry with intent to commit theft, and the verdict forms, judgment and sentence parallel the charge. Conversely, the charge, verdict form, and the part of the judgment reciting the jury's verdict in No. 80–CR–2592 address a burglary of Woods' premises, and speak of an entry resulting in attempted or completed theft. Notwithstanding the jury's verdict in No. 80–CR–2592, however, the trial court adjudged appellant guilty of burglary with intent to commit theft and pronounced sentence on that basis.

In *Cumbie v. State,* 578 S.W.2d 732 (Tex. Cr.App.1979), four types of fundamental error in the trial court's charge to the jury were recognized. Among them was the species of court's charge which authorizes conviction on a theory not alleged in the indictment. In *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App.1977), the defendant had

been indicted for the offense of burglary of a building whereby he attempted to commit and committed theft inside the building. The judgment was reversed because the trial court, in charging the jury, authorized it to convict only if it found the facts of burglary with intent to commit theft. *See also Moore v. State,* 612 S.W.2d 932 (Tex.Cr. App.1981); *Whitlow v. State,* 567 S.W.2d 522 (Tex.Cr.App.1978).

Because the jury charge in each of these causes authorized conviction on a theory not alleged in the indictment, the judgment in each case is reversed and the causes are remanded.