Rudolfo VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–81–00234–CR & 04–81–00235–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 2, 1983.

Shirley A. Ehrlich, Ertel & Prashner, P.C., San Antonio, for appellant.

Bill White, Dist. Atty., Keith Fahlberg, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

The State has filed persuasive motions for rehearing. In light of *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980) we reexamine both records painstakingly.

Appellant was indicted for two burglaries. In trial court cause number 80–CR–2591 (our appellate number 04–81–00235–CR), appellant was indicted for burglary of a building owned by Yvonne Woods, in which he allegedly entered and attempted to commit and committed theft. Tex.Penal Code Ann. § 30.02(a)(3) (Vernon 1974).

In trial court cause number 80–CR–2592 (our appellate number 04–81–00234–CR) appellant was indicted for burglary of a building owned by Guadalupe Garza, in that appellant allegedly entered Garza's building with intent to commit theft. Tex.Penal Code Ann. § 30.02(a)(1). The two cases were consolidated and tried together.

The court's charge carrying the designation of cause number 80–CR–2591 begins by instructing the jury that appellant is charged with a burglary under Tex.Penal Code Ann. § 30.02(a)(1). Further instructions advise the jury that in order to convict appellant they must find that appellant entered a building owned by Guadalupe Garza and that at the time of entry he had the intent to commit the offense of theft. The verdict form, the judgment and the sentence all recognize that appellant has been convicted of burglary with intent to commit theft under § 30.02(a)(1), *supra.*

On the other hand, the court's charge designated as cause number 80–CR–2592 begins with an instruction that appellant is charged with a burglary under Tex.Penal Code Ann. § 30.02(a)(3).

In the application of the law to the facts the charge requires that the jury find an entry and an attempted or completed theft from the owner of the building, Yvonne Woods.

The verdict form reflects that appellant was found guilty of burglary of a building by attempting to commit or committing theft. § 30.02(a)(3), *supra.* The judgment recognizes that the jury has found appellant guilty of burglary of a building under § 30.02(a)(3), *supra,* but nevertheless, adjudges him guilty of burglary of a building with intent to commit theft under § 30.-02(a)(1). The sentence follows in the same manner under § 30.02(a)(1).

In our original disposition Tex.App., 643 S.W.2d 790 we considered the possibility of simple error in the transposition of numbers because the record reflects that the court was aware of the problem before the charge was read to the jury. The record further reflects that the trial court intended to correct the problem and we supposed that it had been corrected and that another transposition error occurred during the preparation of the appellate record. Out of an abundance of caution this court ordered the original trial court files transmitted by the trial court clerk to our court for our personal inspection of the original charges submitted to the jury. Upon inspection we verified that the original charges with verdict forms attached were exactly as reproduced in the appellate records and that the problem recognized by the trial court had not been, in fact, corrected.

The State urges that *Ayers v. State, supra,* is controlling and that we should hold, as did the court therein, that the error was not calculated to injure the rights of the

appellant or deny him a fair and impartial trial. As in the instant case, Ayers was indicted for two offenses which were consolidated for trial. A transposition of cause numbers occurred in the charges and Ayers complained. However, Ayers was indicted for two murders arising out of the same incident and while the opinion does not reflect the species of murder charged, a reading of the facts indicates that both murders charged were of the variety proscribed by Tex.Penal Code Ann. § 19.-02(a)(1). Thus in both cases the jury was required to find the identical elements but with different victims in order to convict. There could be no confusing of theories relied upon because the theories were identical.

On the other hand, in the instant cases the jury was required to consider separate species of burglary in order to convict. It is evident that even the trial court experienced difficulty in separating the cases according to applicable theories by the conflicting entries made in the judgment in cause number 80–CR–2592 as well as in cause number 80–CR–2591.

Our minute reexamination of both records discloses that the problem now before us existed perhaps as early as pre-arraignment. At the arraignment appellant was arraigned in four cases, 80–CR–2590, 80–CR-2591, 80–CR–2592 and 80–CR–2593, all burglary cases and each alleging the exact two prior convictions for enhancement as a habitual offender under Tex.Penal Code Ann. § 12.42(d). With the exception of the cause numbers stamped on the second page alleging enhancements, the pages are indistinguishable from one another and could well be attached to either primary offense without changing the effect except for tranposition of numbers.

We note that at the arraignment the trial court arraigned appellant in cause number 80–CR–2591 by referring to the burglary with intent to commit theft against Guadalupe Garza. When the trial court arraigned appellant in 80–CR–2592 it referred to the burglary by attempting to commit and committing theft against Yvonne Woods. Thus the indictments read by the trial court during arraignment are at variance with the indictments appearing in the records in number only, a transposition of last pages having occurred sometime between grand jury action and arraignment.

That the trial court was proceeding to trial with a copy of the indictments at variance with the originals in the record is evident from by a reading of the opening remarks to the jury.

When the trial court informed the jury of the charges pending against appellant, error again occurred in transposition of numbers. The State apparently possessed copies of the indictments with transposed numbers as well because during closing arguments to the jury the prosecutor urged the jury to remember that Guadalupe Garza was the complainant in cause number 80–CR–2591 which, of course, should have been Yvonne Woods. The converse was pointed out with regard to cause number 80–CR–2591.

However, at no time was the jury instructed erroneously with regard to the elements of the offense alleged in the indictments as they applied to the respective complainants. That is, the jury was required to find that a burglary with intent to commit theft was committed against Guadalupe Garza and a burglary with an attempted or completed theft occurred as against Yvonne Woods irrespective of erroneous cause numbers. We find nothing in the record that the jury was misled by the erroneous numbers affixed to the two charges. We can distinguish *Ayers v. State, supra,* but we do not believe that the error in transposition of numbers resulted in injury to appellant's rights or denied him fair and impartial trials. The records contain jury communications during deliberation but none that support a finding that they were confused or misled. We think the State's motion for rehearing is well taken and should be granted.

We observe that the enhancement paragraphs in what is designated as cause number 80–CR–2592 were abandoned and that punishment was assessed at 15 years' con-

finement in the Texas Department of Corrections. However, in cause number 80–CR–2591 the enhancement allegations were found to be true and punishment was assessed at life imprisonment.

The judgment in cause number 80–CR–2592 requires reformation to show that the jury has found appellant guilty of burglary of a building with intent to commit theft against Guadalupe Garza. The adjudging portion of the judgment and the sentence contain correct recitations and will not be disturbed. As reformed cause number 80–CR–2592 (our 04–81–00234–CR) is affirmed.

█ The judgment in cause number 80–CR–2591 requires reformation to show that the jury has found appellant guilty of burglary of a building by attempting to commit and committing theft against Yvonne Woods. The sentence likewise requires reformation to show that appellant has been sentenced for the offense of burglary under

§ 30.02(a)(3) as a habitual offender. The charge and verdict form in each cause is reformed to reflect a transposition of cause numbers so as to correctly conform to the respective indictments. Tex.Code Crim. Pro.Ann. art. 44.24(b) (Vernon 1981); *Martinez v. State,* 634 S.W.2d 929, 939 (Tex. App.—San Antonio, 1982, discr. rev. ref'd). As reformed cause number 80–CR–2591 (our 04–81–00235–CR) is affirmed.

The State's motions for rehearing are granted and the judgments in both causes are affirmed as reformed.

TIJERINA, J., dissents.