Simon Peter DE ALBUQUERQUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0548–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 1986.

Carol J. Carrier, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., David E. Brothers, Harris County Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

LEVY, Justice.

A jury convicted appellant of burglary of a building with intent to commit theft and assessed punishment, enhanced by a prior felony, at confinement for 50 years.

On the evening of February 22, 1985, the sole employee on duty at Airport Exchange, Inc., located on the second floor of Terminal B, Houston Intercontinental Airport, took a short break, locking the premises before leaving. While he was gone, appellant was observed climbing approximately six feet over the counter and protective shield into the structure. He was seen stuffing currency into his pockets. A short time later, he was observed climbing back out of the structure with a box, later determined to contain various currencies valued at approximately $18,000 to $19,000 in U.S. currency. Officers eating in the airport cafe spotted appellant leaving the booth and apprehended him at the bottom of the stairs on the first floor of the building. He

was then arrested and charged with burglary of a building. Appellant brings this appeal on three grounds of error.

Appellant contends, by his first ground of error, that he was denied a speedy trial under the Texas Speedy Trial Act. Tex. Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1986). Appellant was arrested February 22, 1985, and brought to trial June 27, 1985, some 125 days later.

■■■ The Texas Speedy Trial Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *Phillips v. State*, 659 S.W.2d 415, 419 (Tex. Crim.App.1983); *see Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App.1979). The State must be ready for trial within 120 days of the "commencement of a felony action," defined as the date of the return of an indictment or complaint, or the date of the defendant's arrest, whichever occurs first. Tex.Code Crim. P. Ann. art. 32A.02, sec. 1(1). Once the defendant properly files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and at all subsequent times required by the act. *Barfield*, 586 S.W.2d at 542. A timely announcement of "ready" is a prima facie showing that the State is ready for trial, and upon such declaration the burden shifts to the defense to show otherwise. *Phillips*, 659 S.W.2d at 419. This declaration can be rebutted by evidence demonstrating that the State was not *actually* ready for trial during the Act's limits. *Barfield*, 586 S.W.2d at 542.

■■ The record reflects a series of agreed resettings covering most of the period between arrest and commencement of trial. The total of periods not covered by agreed settings is only about 22 days. During the 125 day period, the State announced ready four times before trial. Delays resulting from agreed resettings are clearly excluded from the computation of the statutory period. *See Robinson v. State*, 707 S.W.2d 47 (Tex.Crim.App., 1986) (not yet reported); *Prejean v. State*, 704 S.W.2d 119, 124 (Tex.App.—Houston [1st Dist.] 1986, no pet.); Tex.Code Crim.P.Ann. art. 32A.02, sec. 4(3).

Appellant's first ground of error is overruled.

By his second ground of error, appellant asserts trial court error in denying his motion to quash the indictment in cause number 419,881, which was later dismissed by reason of the reindictment in 423,896. The indictments in both causes differ only in the respect that 423,896 added two enhancement paragraphs, one of which was abandoned before trial. A separate motion to quash was filed in this latter cause, referring only to an enhancement paragraph.

The motion to quash in 419,881 alleged that the indictment was "defective in that the offense set forth cannot be proved." Appellant argued that the offense report showed that the "building" allegedly burglarized was the Currency Exchange booth at Terminal B, Houston Intercontinental Airport, which was not a "building" within the meaning of Tex.Penal Code Ann. sec. 30.01(2) (Vernon 1974).

In a criminal proceeding the indictment serves two distinct purposes: it confers jurisdiction on the trial court and it apprises an accused of the nature of the charges against him.

*Dula v. State*, 679 S.W.2d 601, 603 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd); *see also Benson v. State*, 661 S.W.2d 708, 713 (Tex.Crim.App.1982) (op. on reh'g), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). Appellant's motion to quash the indictment clearly attacks the State's ability to prove the allegations. The thrust of appellant's argument in support of this ground of error is not a challenge to the dismissed indictment, nor to the indictment under which he was convicted, but a challenge to the sufficiency of the evidence to convict appellant of burglary of a building; specifically, whether the structure burglarized was a "building" within the meaning of the Penal Code. The same contention was presented in a motion for instructed verdict, and a similar contention

was directed to the trial court's attention in a pro se motion for new trial.

If the appellant includes in his brief arguments supporting a particular ground of error, they shall be construed with it in determining what point of objection is sought to be presented by such ground of error; and if the court, upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection, the same shall be reviewed notwithstanding any generality, vagueness, or any other technical defect that may exist in the language employed to set forth such ground of error.

Tex.Code Crim.P.Ann. art. 40.09, sec. 9 (Vernon Supp.1986); *see also Hollins v. State,* 571 S.W.2d 873, 875 (Tex.Crim.App. 1978).

We will, therefore, in the interest of justice, consider the ground as a challenge to the sufficiency of the evidence and, *sua sponte,* decide whether the State proved the offense. *See Howeth v. State,* 645 S.W.2d 787, 788 (Tex.Crim.App.1983). In this respect, we are bound by the standard of review whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Benson,* 661 S.W.2d at 714.

■ Appellant cites *Day v. State,* 534 S.W.2d 681 (Tex.Crim.App.1976), for authority that the exchange booth is not a building. "Building" is defined as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." Tex Penal Code Ann. sec. 30.01(2) (Vernon 1974). *Day* held that a concrete block structure with three large permanent openings, surrounded by a chain link fence, "was not of an enclosed character, but instead was, as existing at the time of the offense, permanently open or unenclosed." *Day,* 534 S.W.2d at 684.

Testimony at trial established that the booth in question is a permanent structure within the airport terminal. The structure cannot be moved, expanded, or otherwise altered except by architectural redesign, reconstruction, and approval of the City of Houston. The structure is composed of a circular counter approximately four feet high. Plexiglass paneling extends above the counter an additional two to three feet. A roof, supported by a central column, extends over the whole. There is approximately two to three feet of clearance between the top of the plexiglass shield and the roof. Small openings are set in the plexiglass to permit currency transactions. The only entry into the booth is a small door set under the counter, such that employees must crouch under the counter to pass through the door. During business hours, employees occupy the booth. Members of the public are not permitted inside the booth, but conduct transactions via the openings in the shield. When the business is closed, the door entry is locked.

Appellant's implicit contention is that the existence of clearance between the plexiglass shield and the roof deprives the booth of a permanently enclosed character. We disagree. In *Day,* the structure had permanent openings sufficiently large to permit trucks to enter. The fence, set apart, was not regarded as an enclosure. In the instant case, the booth was a discrete structure within the terminal used for trade purposes, analogous to enclosed shops within a building. *See Villarreal v. State,* 643 S.W.2d 790 (Tex.App.—San Antonio 1982), *conviction aff'd as reformed on reh'g,* 645 S.W.2d 654 (Tex.App.—San Antonio 1984, no pet.). When the entry is locked and the booth unattended, the only means of entry is by breaking through the door under the counter or, as was done in this case, by climbing six feet over the counter and plexiglass shield. *See, e.g., Johnson v. State,* 664 S.W.2d 420, 422 (Tex. App.—Amarillo 1983, pet. ref'd, untimely filed). Moreover, we note that the latter method of entry obtained access to a structure into which the public was not usually permitted. *See, e.g., Evans v. State,* 677 S.W.2d 814, 816–17 (Tex.App.—Fort Worth 1984, no pet.). We conclude that the struc-

ture was a "building" within the statutory definition of that term.

 We note further that the court's charge defined burglary to include entering "a building *or any portion of a building*" (emphasis added), although the indictment did not include the disjunctive portion. No objection was made to the charge. It has been held that evidence which showed entry of a room which was closed will support a conviction for burglary of a house even though the outer doors of the house were open. *See Williams v. State*, 537 S.W.2d 936, 939–40 (Tex.Crim.App.1976). The indictment here was sufficient to apprise appellant of the charge against him, and the court's charge to the jury did not authorize a conviction on a different theory from that on which appellant was indicted. *Evans*, 677 S.W.2d at 818–19.

We overrule the second ground of error.

Appellant, by his third ground, requests this Court to review, in the interest of justice, whether he was denied effective assistance of counsel because trial counsel failed to object to the charge. Specifically, appellant contends that he was entitled to a charge on the lesser included offense of theft.

 Theft is not a lesser included offense of burglary. *Garcia v. State*, 571 S.W.2d 896, 899 (Tex.Crim.App.1978); *Martinez v. State*, 644 S.W.2d 104, 111 (Tex. App.—San Antonio 1982, no pet.). Moreover, in view of our holding on the second ground of error, the record does not reflect any evidence that if appellant was guilty, he was guilty only of theft. *See Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981); *Evans*, 677 S.W.2d at 821; *Johnson*, 664 S.W.2d at 423; *Martinez*, 644 S.W.2d at 111.

The court's charge correctly tracked statutory language for burglary of a building, the offense for which he was indicted. We decline to consider a failure to object fruitlessly to be ineffective assistance of counsel and, therefore, overrule the third ground of error.

The judgment of the trial court is affirmed.