**Lisa Carol FELKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–460–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1991.

---

2. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon      1989).

Larry Walsh, Brownsville, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Lisa Carol Felker, guilty of criminal trespass. The trial court assessed as punishment sixty days' confinement in the Cameron County Jail, probated for six months, and ordered her to pay $151.50 in court costs. By two points of error, appellant attacks the sufficiency of the evidence, and she complains that the judgment and sentence did not comply with

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

the facts. We reform the judgment, and as reformed, we affirm the judgment.

On November 21, 1989, Melissa Van Holsbeck, chief case worker for Congressman Solomon Ortiz, was looking forward to eating lunch with her sister when appellant and seven or eight other persons came to the Congressman's district office in Brownsville. They wanted to give a petition to Congressman Ortiz, demanding that he oppose all aid to the government and death squads of El Salvador. At this time, Congressman Ortiz was in Washington, D.C., so Ms. Van Holsbeck faxed the petition to his Washington office. They wanted a written response to their petition, and she told them that it would take a little while to receive one. She also told them that from 12:00 to 1:00, she would be on her lunch break and that they would have to leave the office. She was working alone that day and had to lock the office when she was gone. When it came time for lunch, they refused to leave the office. Ms. Van Holsbeck called Gene Lorenz, property manager of the International Plaza, the building which housed the office. He told them that Ms. Van Holsbeck had to close the office for lunch, and he asked them to leave and come back at 1:00. He gave them consent to stay in the building between 12:00 and 1:00, but he did not give them consent to stay in Congressman Ortiz' office during that time period. They still refused to leave the office. A Brownsville police officer, Larry Ferrar, told them that Ms. Van Holsbeck wanted to go to lunch and asked them to leave. He told them that if they did not leave, they would be arrested. They refused to leave and were arrested.

Appellant understood that if she did not leave the office, she would be arrested. However, she did not leave because her reason for being there was urgent, and since Ms. Van Holsbeck had to leave for lunch, she felt that she and the others were not wanted in the office and would not receive a response to their petition.

Gov't Code Ann. § 74.003 (Vernon 1989).

By point one, appellant complains that her rights under the constitution and laws of the State of Texas were violated because the evidence was insufficient to establish an essential element of criminal trespass, to-wit: that she remained in a "building." In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Zamora v. State,* 779 S.W.2d 886, 889 (Tex.App.—Corpus Christi 1989, no pet.). The application portion of the charge stated:

Now if you find from the evidence beyond a reasonable doubt that on or about the 21st day of NOVEMBER, 1989, in Cameron County, Texas, the defendant, LISA CAROL FELKER, did intentionally or knowingly remain, without the effective consent of GENE LORENZ, the owner, on property in possession of GENE LORENZ, to wit: a BUILDING and that the defendant, LISA CAROL FELKER, then and there had notice, and knew she had notice, to depart therefrom but failed to do so, then you will find the defendant guilty as charged.

Appellant argues that the evidence is insufficient because the State did not show that she remained in a "building" after she received notice to depart. She argues that the evidence showed that she remained in Congressman Ortiz' office and that Mr. Lorenz did not ask her to leave the "building" which housed this office. She points out that she was merely asked to leave Congressman Ortiz' office and was actually invited to stay in the building until Ms. Van Holsbeck returned from lunch. She also argues that the State did not show that Congressman Ortiz' office was a building as that term is defined in § 30.01(2) of the Texas Penal Code.

Chapter 30 of the Texas Penal Code concerns burglary and criminal trespass, and the definitions under § 30.01 of that chapter apply to burglary and criminal trespass. Section 30.01(2) defines a building as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament or use."

The structure of Congressman Ortiz' office is akin to the structure entered by the accused in *Villarreal v. State,* 643 S.W.2d 790 (Tex.App.—San Antonio 1982), *conviction aff'd as reformed on reh'g,* 645 S.W.2d 654 (Tex.App.—San Antonio 1983, no pet.). In *Villarreal,* police went to River Square, a building containing several individual shops. These shops were located on two levels. The ceiling of the street-level floor was estimated to be fifteen to twenty feet high, and the shops on this floor had side walls eight or nine feet high. The walls were on gliders so that they could be moved to increase or decrease the area of any shop. The entrances to the shops were equipped with expandable metal gates which could be pulled across the entrance to the shop and locked. An officer climbed up on a wall partition and found the accused inside a gift shop, one of the several shops separated by walls within the building with its own entrance gate. The court held that the gift shop fit the definition of "building" as that term is defined in § 30.01(2) because it was an enclosed structure used for the purpose of trade.

In *Lopez v. State,* 660 S.W.2d 592 (Tex.App.—Corpus Christi 1983, pet. ref'd), the accused was convicted of burglary after entering the office portion of a radiator shop. A fence surrounded the shop, and part of the building was open. However, the office portion of the structure was enclosed and separated from the remainder of the structure by doors, walls, and windows. We held that the entered structure (the office) was a building within the definition of § 30.01(2).

In *De Albuquerque v. State,* 712 S.W.2d 809 (Tex.App.—Houston [1st Dist.] 1986, no pet.), the accused was arrested after climbing out of a booth located in an airport terminal. He was convicted of burglary, and on appeal, argued that the booth was not a building. Evidence showed that the booth was a permanent structure which could not be moved, expanded, or altered except by redesign, reconstruction, and approval of the City of Houston. The booth

was made of a four-foot high, circular counter with plexiglass extending an additional two or three feet above the counter. A roof covered the booth, but two or three feet of clearance was between the top of the plexiglass and the roof. The plexiglass had small openings in it to allow exchanges. The only entry to the booth was a small door (with a lock) under the counter. The court said that the booth was a discrete structure within the terminal used for trade purposes and fit the definition of "building" under § 30.01(2).

■ Here, the evidence showed that Congressman Ortiz' office was a corner office located on the fourth floor of the International Plaza building. His office contained four rooms, which were used for conducting business and storing files. The office had only one window, and it had a front door which locked. Photographs of the office's interior showed floor to ceiling walls. A diagram, along with Ms. Van Holsbeck's testimony, showed that Congressman Ortiz' office was separate from the other offices on that floor. Viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to show that Congressman Ortiz' office fits the description of "building" in § 30.01(2) because it was an enclosed structure with the intended purpose and use as a place to conduct business and store files within its individual premises. *See De Albuquerque,* 712 S.W.2d at 812; *Lopez,* 660 S.W.2d at 594; *Villarreal,* 643 S.W.2d at 792.

By point two, appellant complains that the judgment and sentence did not comply with the facts and should be corrected and reformed. Appellant pleaded not guilty, and a jury found her guilty. The judgment shows that appellant pleaded guilty. We reform the judgment to show that appellant pleaded not guilty and that a jury found her guilty.

The trial court's judgment is REFORMED, and as REFORMED, is AFFIRMED.